Filed 10/17/18

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE ex rel. CITY OF COMMERCE,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>HUGO ALEXANDER ARGUMEDO,<br><br>　　　Defendant and Respondent. | B280814<br><br>(Los Angeles County<br>Super. Ct. No. BC600767) |
| THE PEOPLE ex rel. CITY OF COMMERCE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>HUGO ALEXANDER ARGUMEDO,<br><br>　　　Defendant and Appellant. | B285003<br><br>(Los Angeles County<br>Super. Ct. No. BC600767) |

---

[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of the section entitled Appeal No. B285003.

APPEALS from a judgment and an order of the Superior Court of Los Angeles County, Michael Johnson, Judge. Affirmed.

Xavier Becerra, Attorney General, Susan Duncan Lee, Assistant Attorney General, Marc J. Nolan and Anya M. Binsacca, Deputy Attorneys General, for Plaintiff and Appellant.

Vanderford & Ruiz and Rodolfo F. Ruiz for Plaintiff and Respondent.

Kenney & Kropff, David E. Kenney and James B. Kropff for Defendant, Respondent and Appellant.

_____

Plaintiff City of Commerce (the City) appeals from a judgment entered after the trial court rejected its attempt to oust defendant Hugo Argumedo from his seat on the City Council in this quo warranto action. The City claimed Argumedo's 2010 guilty plea for misdemeanor obstruction of justice constitutes a conviction for "malfeasance in office" within the meaning of article VII, section 8, subdivision (b) of the California Constitution that forever disqualifies him from public office under Government Code section 1021. Finding no error, we affirm the trial court's judgment rejecting the City's claim.

In a consolidated appeal, Argumedo challenges the trial court's post-judgment order denying his motion for an award of attorney fees under Code of Civil Procedure section 1021.5.[1] Again, finding no error, we affirm.

---

[1] "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest" if certain other enumerated conditions are met. (Code Civ. Proc., § 1021.5.)

2

## BACKGROUND

Argumedo was elected as a City council member in 1996 to fill an unexpired term. He was reelected in 1997, 1999, 2003 and 2007.

**The City Accuses Argumedo of Committing Perjury**

In May 2008, the City's Mayor asked the Los Angeles County District Attorney's Office to investigate Argumedo for several alleged crimes, including perjury. A synopsis of the alleged perjury is as follows:

In 2005, while Argumedo was sitting on the City Council, the former City Attorney, Francisco Leal, sued the City for unpaid legal fees. The City cross-complained against Leal for breach of contract and other causes of action. During a September 21, 2006 mandatory settlement conference, at which the City was represented by then-current City Attorney, Eduardo Olivo, the parties reached a settlement agreement. Leal agreed to pay the City $20,000 on the cross-complaint, and the parties agreed to dismiss the entire action. Olivo and the City's Mayor, Nancy Ramos, who was present at the settlement conference, represented to the settlement judge that they would present the settlement to the City Council and recommend approval.

At a September 22, 2006 closed-session meeting of the City Council, which Argumedo attended, Olivo and Ramos presented the settlement as an offer or proposal, not an agreement subject only to City Council approval. The City Council rejected the so-called offer or proposal and, on Argumedo's motion, voted to make a counter-offer. After further negotiations between Leal and Olivo, Leal agreed to pay the City $70,000 to settle the case. The settlement was memorialized in a November 2, 2006 written agreement.

3

Leal made no payments under the agreement. In March 2007, the City sued Leal for breach of the settlement agreement. Leal contended the City Council failed to properly consider the settlement reached at the September 21, 2006 mandatory settlement conference. The City moved for summary adjudication of this and other issues. In opposition to the summary adjudication motion, Leal presented a declaration from Argumedo stating, in pertinent part:

"8. It is my understanding [that] Mr. Leal refused to pay on the $70,000 on the basis that in the final settlement discussions before the judge, Mayor Nancy Ramos and Mr. Olivo agreed to present and support a settlement amount of $20,000 to be paid by Mr. Leal to the City of Commerce.

"9. In fact, Mayor Ramos never presented this settlement for consideration by the Council. Nor did she, nor Mr. Olivo, inform the Council that the $20,000 proposed settlement amount was recommended by the Judge and that they had agreed to present it and support it before the Council.

"10. Had the $20,000 negotiated settlement amount been presented for consideration by the Council, I would have voted in favor of this settlement amount."

The City's position is that Argumedo's declaration is false to the extent it indicates (1) Ramos failed to present the settlement offer and (2) the City Council never considered the settlement offer.

4

At a closed-session City Council meeting in December 2007, the City's attorneys asked Argumedo to withdraw his declaration, but he declined.[2]

On January 31, 2008, the superior court tentatively denied the City's motion for summary adjudication, finding a triable issue of fact regarding enforcement of the November 2, 2006 settlement agreement, citing Argumedo's declaration. On March 3, 2008, the case settled, and Leal agreed to pay the City $175,000.

**The District Attorney Files a Felony Complaint for Perjury Against Argumedo**

In December 2010, after conducting its own investigation, the district attorney's office filed a felony complaint, charging Argumedo with one count of perjury by declaration, a violation of Penal Code section 118, subdivision (a). The count alleged Argumedo "unlawfully, under penalty of perjury, declare[d] as true, that which was known to be false, to wit: False declaration signed and submitted to the Los Angeles Superior Court in civil case BC367248 that a $20,000 settlement offer in civil case BC339482 had never been presented for consideration to the Commerce City Council." The district attorney's office attached to and incorporated into the complaint its investigation reports and supporting documents.

---

[2] A City councilwoman, who submitted a similar declaration in support of Leal's opposition to the City's motion for summary adjudication, agreed to sign a retraction.

**Argumedo Pleads Guilty to Misdemeanor Obstruction of Justice**

At a hearing in Argumedo's criminal case on December 20, 2010, the prosecution made an oral motion to amend the complaint to add a misdemeanor count for obstruction of justice, a violation of Penal Code section 148, subdivision (a)(1). No factual allegations were added to the complaint. The same day, Argumedo waived his constitutional rights and pleaded guilty to misdemeanor obstruction of justice. The criminal court's December 20, 2010 minute order, as well as the court's findings and order attached to the misdemeanor advisement of rights, waiver, and plea form, state the court found a factual basis for the plea. The facts supporting the plea were not stated on the record.

The criminal court suspended imposition of sentence and placed Argumedo on probation for a period of three years. The terms of the plea agreement required, among other things, that Argumedo resign immediately from the City Council and that he not run for or hold any public office for three years. In accordance with the plea agreement, the court dismissed the perjury count.

On December 21, 2010, the day after he pleaded guilty, Argumedo resigned from the City Council. After completing probation, he ran again and was reelected to the City Council in March 2015.

**The City's Quo Warranto Action to Oust Argumedo**

The City sought permission from the California Attorney General to sue Argumedo in quo warranto, pursuant to Code of

6

Civil Procedure section 803,[3] "to oust him from the public office of city council member on the ground that his previous conviction for obstruction of justice constitutes 'malfeasance in office,' and therefore precludes him from serving as a city council member." (98 Ops.Cal.Atty.Gen. 85 (2015) [filed opn. p. 1].)  On October 27, 2015, the Attorney General issued an opinion, granting the City leave to sue Argumedo.  (*Ibid*.)

On November 12, 2015, the City filed a verified complaint in quo warranto, asserting a cause of action for declaratory relief and seeking a "judgment determining that Hugo Argumedo is unlawfully holding the office of City Councilmember for the City of Commerce and that he be excluded from such office" and that he "is permanently disqualified from holding the position of City Councilmember in the City of Commerce."  The City also sought an award of attorney fees under Code of Civil Procedure section 1021.5.

In the complaint, the City cited article VII, section 8, subdivision (b) of the California Constitution, which provides in pertinent part, "Laws shall be made to exclude persons convicted of bribery, perjury, forgery, malfeasance in office, or other high crimes from office or serving on juries."  The City also cited Government Code section 1021, which states, "A person is disqualified from holding any office upon conviction of designated crimes as specified in the Constitution and laws of the State."

---

[3] Code of Civil Procedure section 803 provides, in pertinent part:  "An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office . . . ."

7

After a bench trial, during which the trial court admitted into evidence 60 exhibits and heard testimony from seven witnesses regarding the circumstances of Argumedo's declaration and guilty plea, the court issued a 19-page statement of decision in Argumedo's favor. The court agreed with the City's argument that a person convicted of "a specified crime," including malfeasance in office, "is disqualified from holding any office at any time," but found the City failed to establish Argumedo's misdemeanor conviction for obstruction of justice constitutes a disqualifying conviction.

On January 27, 2017, Argumedo filed a motion, seeking $193,547.50 in attorney fees under Code of Civil Procedure section 1021.5, "plus an enhancement or multiplier because the action resulted in the enforcement of important rights affecting the public interest." The City filed an opposition.

On August 1, 2010, after hearing oral argument, the trial court denied Argumedo's motion for attorney fees, finding "Argumedo has not shown that his defense of the City's action has resulted in the enforcement of an important right affecting the public interest, or a significant benefit to the general public or a large class of persons. . . . [¶] . . . [¶] Argumedo obtained a personal benefit from his successful defense of the City's action. While that may have benefitted the voters who elected Argumedo to office, any benefit to the electorate was tangential and subordinate to his personal stake in the litigation."

The City appealed from the judgment, and Argumedo appealed from the post-judgment order denying his motion for attorney fees.

DISCUSSION

**Appeal No. B280814**

The City contends it established at the bench trial in this quo warranto action that Argumedo's misdemeanor conviction for obstruction of justice disqualifies him from holding public office, and the trial court erred in finding otherwise.

As the parties agree, this appeal presents mixed questions of law and fact. "Mixed questions of law and fact concern the application of the rule to the facts and the consequent determination whether the rule is satisfied. If the pertinent inquiry requires application of experience with human affairs, the question is predominantly factual and its determination is reviewed under the substantial-evidence test. If, by contrast, the inquiry requires a critical consideration, in a factual context, of legal principles and their underlying values, the question is predominantly legal and its determination is reviewed independently." (*Crocker National Bank v. City and County of San Francisco* (1989) 49 Cal.3d 881, 888.) Applying either the substantial evidence or de novo standard of review, we affirm the judgment for the reasons explained below.

The "right to hold public office, either by election or appointment, is one of the valuable rights of citizenship. . . . The exercise of this right should not be declared prohibited or curtailed except by plain provisions of law. Ambiguities are to be resolved in favor of eligibility to office." (*Carter v. Commission on Qualifications of Judicial Appointments* (1939) 14 Cal.2d 179, 182.)

As set forth above, article VII, section 8, subdivision (b) of the California Constitution provides, in pertinent part, "Laws shall be made to exclude persons convicted of bribery, perjury,

9

forgery, malfeasance in office, or other high crimes from office or serving on juries." Government Code section 1021 states, "A person is disqualified from holding any office upon conviction of designated crimes as specified in the Constitution and laws of the State." Thus, a conviction for bribery, perjury, forgery, malfeasance in office, or other high crimes disqualifies a person from holding public office in California.

"Malfeasance in office" is not defined in the California Constitution or statutes. In defining "malfeasance," the City quotes Black's Law Dictionary: "A wrongful, unlawful, or dishonest act; esp., wrongdoing or misconduct by a public official." (Black's Law Dict. (10th ed. 2014) p. 1100, col. 2.) Case law indicates the crime of malfeasance in office evidences moral corruption and dishonesty. (See *Otsuka v. Hite* (1966) 64 Cal.2d 596, 608.)

Argumedo pleaded guilty to misdemeanor obstruction of justice in violation of Penal Code section 148, subdivision (a)(1),[4] a crime not specifically enumerated as one disqualifying a person from holding public office. Because article VII, section 8, subdivision (b) of the California Constitution and Government

---

[4] Penal Code section 148, subdivision (a)(1) provides: "Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician, as defined in Division 2.5 (commencing with Section 1797) of the Health and Safety Code, in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment."

10

Code section 1021 authorize disqualification from office only upon conviction of the specified offenses, the question here is whether the 2010 record of Argumedo's conviction for obstruction of justice unambiguously establishes malfeasance in office, not whether the City, five and a half years later in a civil trial, established facts showing Argumedo committed malfeasance in office through documents and witness testimony not admitted in the criminal proceedings.

We conclude the record of Argumedo's conviction does not unambiguously show his guilty plea to obstruction of justice constitutes a conviction for malfeasance in office as set forth in article VII, section 8, subdivision (b) of the California Constitution. As set forth above, case law indicates the crime of malfeasance in office evidences moral corruption and dishonesty as do convictions for bribery, perjury and forgery (the other crimes specifically enumerated in article VII, section 8, subdivision (b) of the California Constitution). (See *Otsuka v. Hite*, *supra*, 64 Cal.2d at p. 608.) A conviction for obstruction of justice does not necessarily imply moral corruption and dishonesty. Further, a conviction for obstruction of justice does not imply conduct that occurred "in office," a necessary element of malfeasance in office. The trial court did not state for the record the particular factual basis it found for the plea, and Argumedo did not admit any specific facts.

For the foregoing reasons, we conclude the trial court did not err in finding in favor of Argumedo in the City's quo warranto action. Resolving ambiguities in favor of Argumedo's eligibility to hold the office to which he was duly elected, as we are required to do, we conclude the record of Argumedo's misdemeanor conviction for obstruction of justice does not establish a conviction for

11

malfeasance in office under article VII, section 8, subdivision (b) of the California Constitution. Our conclusion is limited to the particular facts of this case.

**Appeal No. B285003**

Argumedo contends the trial court erred in denying his motion for an award of attorney fees under Code of Civil Procedure section 1021.5.[5]

Section 1021.5 provides, in pertinent part: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." "The burden is on the claimant to establish each prerequisite to an award of attorney fees under section 1021.5." (*Ebbetts Pass Forest Watch v. Department of Forestry & Fire Protection* (2010) 187 Cal.App.4th 376, 381.)

"The trial court's judgment on whether a plaintiff has proved each of the prerequisites for an award of attorney fees under section 1021.5 'will not be disturbed unless the appellate court is convinced that it is clearly wrong and constitutes an abuse of discretion.'" (*Summit Media LLC v. City of Los Angeles* (2015) 240 Cal.App.4th 171, 187.)

---

[5] Further statutory references are to the Code of Civil Procedure.

12

The trial court did not abuse its discretion in finding Argumedo's defense of this quo warranto action did not confer a significant benefit on the general public or a large class of persons. To recover attorney fees under section 1021.5, the " 'claimant's objective in the litigation must go beyond—"transcend"—those things that concretely, specifically and significantly affect the litigant . . . , to affect the broader world or "general public" as the statute puts it.' " (*Bradley v. Perrodin* (2003) 106 Cal.App.4th 1153, 1165 [in reversing the trial court's decision removing a winning mayoral candidate from office and replacing him with the losing candidate, appellate court denied an award of attorney fees to the successful party, explaining, "Attorney fees connected to a candidate's 'quest for elective office,' on the other hand, do not transcend the candidate's 'palpable personal stake in the . . . election' "].) Argumedo defended against the City's attempt to oust him from the City Council. The primary purpose of his defense was not to vindicate the rights of the voters who elected him or the rights of other elected officials. His personal stake in the matter was paramount in his defense.[6]

_____

[6] Argumedo maintains he has satisfied this first element of section 1021.5 because this is a quo warranto action in which the Attorney General granted the City leave to sue, stating in the Attorney General Opinion, "allowing the action to proceed would serve the public interest." (98 Ops.Cal.Atty.Gen. 85, *supra*, [filed opn. p. 1].) We look to the *result* of the action, not the anticipated result, in determining whether a significant benefit has been conferred on the general public or a large class of persons. The trial court did not abuse its discretion in finding no such benefit was conferred, for the reasons stated above.

13

Further, the trial court did not abuse its discretion in finding against Argumedo on the "necessity and financial burden of private enforcement" element. (§ 1021.5.) An attorney fees award under section 1021.5 " 'is appropriate when the cost of the claimant's legal victory transcends his personal interest, that is when the necessity for pursuing the lawsuit placed a burden on the [party] "out of proportion to his individual stake in the matter." ' " (*Woodland Hills Residents Assn. v. City Council* (1979) 23 Cal.3d 917, 941.) Argumedo defended his own, personal entitlement to remain on the City Council. The attorney fees he incurred were not out of proportion to his individual stake in the matter. As stated above, his personal stake was paramount. Accordingly, the trial court did not abuse its discretion in declining to shift the financial burden of his defense.

## DISPOSITION

The judgment and post-judgment order denying an award of attorney fees are affirmed. Each side is to bear its own costs on appeal.

**CERTIFIED FOR PARTIAL PUBLICATION**


CHANEY, J.

We concur:


ROTHSCHILD, P. J.                    CURREY, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.